UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

STACEY REVETT-LISOSKI,

                Plaintiff,

- against -

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT "HELP PROGRAM", CAPTAIN
GERARD LEWIS and SUPERVISOR SUSSLACK
each being sued in their individual and official capacities,

                Defendants.
-----------------------------------------------------------------------X

AMENDED
**COMPLAINT WITH
JURY DEMAND**

12 Civ. 3761 (CBA)(RER)

        Plaintiff STACEY REVETT-LISOSKI, by her attorneys CRONIN & BYCZEK, LLP, complaining of defendants, allege:

## NATURE OF ACTION

        1. This is an action for declaratory relief and damages to secure protection of and to redress deprivation of rights secured by the United States Constitution, New York State Executive Law § 296, the New York City Human Rights Law, the New York City Administrative Code § 8-107, and providing for relief against discrimination in employment and to correct unlawful employment practices on the basis of the Plaintiff's gender, perceived disability and in retaliation having filed complaints of harassment. This action also seeks relief for violations of the Civil Rights Acts 42 U.S.C. § 1983.

        2. Additionally, this claim seeks money damages, both accrued and prospective, on behalf of the Plaintiff and attorneys fees pursuant to 42 U.S.C. § 1988.

## JURISDICTION

3. The jurisdiction of this Court is invoked based upon federal questions. Further, the jurisdiction of this Court is invoked pursuant to the New York State Constitution, the Constitution of the United States, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. 1331 as well as 42 U.S.C. § 2000e through 2000e(15) and the New York State Executive Law § 296, and the New York City Human Rights Law.

4. The rights, privileges, and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, provisions against gender discrimination, perceived disability and retaliation based on 42 U.S.C. § 1983, and guidelines and rules promulgated hereunder, along with the applicable provisions of the New York State Constitution and the New York City Human Rights Law.

5. Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to state claims set forth herein.

## VENUE

6. Venue exists in the United States District Court, Eastern District of New York and State of New York, based upon Defendants' place of business.

7. Further, the causes of action accrued within the Eastern District of New York (specifically, within the County of Queens) based upon the situs of all acts charged and based upon violations of United States Constitution, New York State Constitution and the New York State Executive Law, and the New York City Human Rights Law and Administrative Code.

## INTRODUCTION

8. This is an action for equitable relief and money damages on behalf of the Plaintiff

STACEY REVETT-LISOSKI who was deprived of her constitutional and statutory rights as an employee, as a result of defendants, CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", GERARD LEWIS and SUPERVISOR SUSSLACK for gender discrimination and retaliation.

## THE PARTIES

9. Plaintiff STACEY REVETT-LISOSKI was and at all times relevant a resident of the County of Queens, New York whose principal place of work is the "HELP PROGRAM" administered by the NEW YORK CITY POLICE DEPARTMENT.

10. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department (hereinafter NYPD) that acts as its agent and for which it is ultimately responsible.

11. Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") operates under the direct authority of the CITY and is the official CITY agency and maintains control offices at 1 Police Plaza, New York, New York. NYPD operates a "HELP PROGRAM" with its main office at 89-61 162nd Street, Jamaica, New York 11432.

12. Defendant CAPTAIN GERARD LEWIS ("LEWIS") was at all relevant times a Captain for the New York City Police Department and is acting in such capacity at all times relevant herein. Defendant LEWIS was at all relevant times Plaintiff's supervisor at NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM" and is sued in his individual and official capacity.

13. Defendant SUPERVISOR SUSSLACK ("SUSSLACK") was at all relevant times a Supervisor for the New York City Police Department within the "HELP PROGRAM" and is

acting in such capacity at all times relevant herein. Defendant SUSSLACK was at all relevant times Plaintiff's supervisor at the "HELP PROGRAM" and is sued in his individual and official capacity. Upon information and belief, Defendant SUSSLACK is now retired.

### FACTS IN REGARDS TO PLAINTIFF

14. Plaintiff Revett-Lisoski is a White female who complained of gender discrimination, perceived disability and harassment. Said information was known to all defendants.

15. Plaintiff Revett-Lisoski is employed by the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, specifically, the "HELP PROGRAM". Her date of appointment was June 2001.

16. On or about June 2, 2009, Plaintiff was getting ready for roll call not officially on duty when she was ruminating about personal difficulties in the locker room. **Somehow plaintiff's conversation was related to or overheard by Defendant SUSSLACK, plaintiff's supervisor. Defendant SUSSLACK intentionally misinterpreted her condition** perceived **her as having some type of emotional/ mental disability** and ordered her to go by ambulance to a hospital. Defendant SUSSLACK insisted Plaintiff tell him what is going on. Thereafter, Plaintiff was transported to the emergency room of a nearby hospital where she was released shortly thereafter. Plaintiff did not then and does not now suffer from mental illness. Defendant SUSSLACK immediately put Plaintiff out and refused to allow her to return to active duty until she was cleared by the New York City Police Department Psychologist.

17. **At the time Plaintiff's mother was suffering from breast cancer and her sister was seriously ill in an Intensive Care Unit.**

4

18. The aforementioned acts were in violation of Plaintiff's Collective Bargaining Agreement, New York State and New York City Civil Service Laws and Plaintiff's Constitutional and Civil Rights. Defendant SUSSLACK has never done this to male employees.

19. Plaintiff was required to seek treatment and answer questions of a personal nature by the New York City Police Surgeon. Further, the Police Surgeon required Plaintiff to provide access to personal information including information about her and her family's medical background, prior to clearing her for full duty, all in violation of her Constitutional and Civil Rights including the HIPAA Laws. Indeed, the Police Surgeon required Plaintiff to give her husband's name and cell phone number to him before he would consider clearing her for duty. All in contradiction to the Emergency Room Doctor's release from the hospital weeks before.

20. During July and August of 2009, the New York City Police Surgeon informed Plaintiff that, "SUSSLACK has it out for you…he wants you out…you're on pins and needles with him…" The Police Surgeon went on to agree to release her to perform restricted duty but warned her that she will "never drive a HELP truck again, (perform full duty) as SUSSLACK had directed that Plaintiff "tell the doctor what's going on in her life".

21. **Defendant SUSSLACK's direction to Plaintiff that she "tell the doctor what's going on in her life" clearly supports Plaintiff's contention that SUSSLACK perceived her as having some type of emotional/mental disability requiring medical treatment.**

22. As Plaintiff was not in need of psychological services and did not want to divulge personal medical information to her employer **or personal information about her family members**, Plaintiff refused to answer The New York City Police Surgeon's questions. Eventually, the Police Surgeon gave up and ended the required sessions by telling Plaintiff to be

careful and "don't let SUSSLACK see you cry…don't be introverted or shy around him…or you will never get full duty."

23. Plaintiff formally complained about the treatment from the District Surgeon's Office and SUSSLACK to the Integrity Control Officer, Mary Beth Cogan, all to no avail.

24. **Integrity Control Officer Mary Beth Cogan did not follow NYPD patrol guide rules and regulations and failed to report Plaintiff's complaints to the NYPD OEO.**

25. Shortly thereafter, Defendant SUSSLACK embarked on a campaign of harassment which continued daily through 2011, including but not limited to, the following adverse employment actions:

    (A) unfair denial of days off;

    (B) unfair denial of sick time;

    (C) unwarranted imposition of discipline, including entry in the Minor Violations Log; and a Command Discipline;

    (D) false accusations of "stealing time"; and

    (E) public humiliation and ridicule at Roll Call and in the Station House.

26. All similarly situated male officers have been given their requested days off, sick time and have not been subjected to unfair and unwarranted discipline, harassment, humiliation or ridicule.

27. Furthermore, in late 2011 early 2012 a fellow female co-employee was having personal difficulties with both her father and husband terminally ill with cancer. SUSSLACK was ruthless in his abuse of said female co-employee, inferring she was weak and incapable because she is a woman. Plaintiff came to her defense on several occasions. This female co-employee filed an internal EEO complaint on May 11, 2011 followed by a Federal EEOC Charge

6

on January 23, 2012. Plaintiff was listed as a witness to the discrimination. Plaintiff complained that SUSSLACK was discriminating against the female co-employee and violating both NYPD Rules and HIPAA and the Family Medical Leave Act. In retaliation SUSSLACK's harassment of Plaintiff became more pronounced.

28. SUSSLACK required the disclosure of private medical information from the female co-employee and discussed the private medical information with others in the office. All in violation of a myriad of laws.

29. In or about November 2011, the campaign of harassment was compounded by harassment by Plaintiff's immediate supervisor, Defendant CAPTAIN GERARD LEWIS, including refusal to allow Plaintiff to take loss time after giving blood. **All similarly situated male officers were permitted to take loss time after giving blood but plaintiff was not, she had to take her own accrual time after donating blood.**

30. On or about April 4, 2012, as a standard operating procedure, **similarly situated male officers in plaintiff's unit male officers requested and received new safety equipment. When Plaintiff made the same request, she was denied.**

31. On or about April 5, 2012, Plaintiff responded to a car breakdown on the Bronx side of the Westchester County/Bronx Line. Defendant LEWIS while off-duty phoned Plaintiff screaming and yelling at her that she was not to be in Westchester. Plaintiff tried to calm LEWIS down by putting the State Farm Help Truck Driver, who covers Westchester, on the phone to assure LEWIS that Plaintiff was in the Bronx. LEWIS became enraged and threatened to put Plaintiff in Queens (a less desirable assignment) and phoned a supervisor to appear on the scene with Plaintiff. **Defendant LEWIS has never threatened a male subordinate or acted in a similar manner to a male subordinate**

32. On April 6, 2012, a special meeting was held at which Plaintiff was again chastised and threatened by LEWIS in front of her co-workers.

33. **LEWIS has never called a similar meeting where the sole purpose was to chastise or embarrass similarly situated male subordinates.**

34. On April 9, 2012, during Roll Call, the subject of which officers are giving blood was discussed and Plaintiff was singled out and told that she was to appear in uniform and bring equipment (summons book and mask) and if she was not able to give blood, she was to call the office immediately and was to be put on Summons Duty. Plaintiff's supervisor erroneously believed that because she was a woman, she would not be able to give blood. Never has an officer been required to appear in uniform to give blood, nor threatened with Summons Duty if they were not able to give blood.

35. Plaintiff was in fact able to give blood on April 9, 2012, but other officers **MALE** who were not able to give blood were not given the threatened Summons Duty, as Plaintiff was threatened.

36. On April 11, 2012, at Roll Call, Defendant LEWIS gratuitously made a presentation of new equipment to a male officer even though he had not requested it. Again, Plaintiff who was in need of new equipment requested same of LEWIS but was refused in front of her co-workers.

37. Defendants' treatment of Plaintiff has caused, continues to cause and will in the future cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life as well as other non-pecuniary losses.

38. As a direct and proximate of Defendants' discrimination on the basis of gender, **perception of disability and retaliation** Plaintiff has suffered loss wages and benefits and lost employment opportunities.

39. As a consequence of Defendants' unlawful employment practices, Plaintiff is entitled to compensatory damages in the amount of FIVE MILLION DOLLARS ($5,000,000.00) together with interest.

40. Defendants' violation of law was willful and as such Plaintiff is entitled to punitive damages against the individual defendants in the amount of ONE MILLION DOLLARS ($1,000,000.00).

### AS AND FOR A FIRST CAUSE OF ACTION FOR GENDER DISCRIMINATION, PERCEPTION OF DISABILITY AND RETALIATION IN <u>VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296</u>

41. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42. Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender, perception of disability and retaliation for having made charges of same.

43. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK discriminated against the Plaintiff based on her gender, perception of disability and retaliation for having made charges of same.

44. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT

"HELP PROGRAM", LEWIS AND SUSSLACK, plaintiff has suffered the indignity of gender discrimination, perception of disability and retaliation and great humiliation.

45. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK violations, Plaintiff has been damaged.

### AS AND FOR A SECOND CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296

46. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon gender harassment, perception of disability and retaliation.

48. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of her employment.

49. Plaintiff alleges that defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

### AS AND FOR A THIRD CAUSE OF ACTION FOR GENDER DISCRIMINATION, PERCEPTION OF DISABILITY AND RETALIATION IN VIOLATION OF NEW YORK CITY ADMINSTRATIVE CODE § 8-107

50. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" with the same force and effect as if fully set forth herein.

51. Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender and makes it illegal to retaliate for charging same.

52. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK discriminated against the Plaintiff based upon her gender and in retaliation for charging same.

53. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK, Plaintiff has suffered the indignity of gender discrimination, retaliation and great humiliation.

54. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK'S violations, Plaintiff has been damaged.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107

55. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" with the same force and effect as if fully set forth herein.

56. Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to create, condone or and/or tolerate a hostile working environment based upon gender discrimination and retaliation for charging same.

57. Plaintiff alleges that based upon the foregoing, defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND

11

SUSSLACK created, condoned and/or tolerated a hostile working environment which negatively affected the terms and conditions of her employment.

58. Plaintiff alleges that defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK's violations caused Plaintiff to sustain damages.

### AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 FOR EQUAL PROTECTION VIOLATION AGAINST ALL INDIVIDUAL DEFENDANTS

59. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

60. All of the acts and conduct of the Defendants herein stated were done under color of State law and custom and practice while performing their duties as supervisors for defendant CITY OF NEW YORK.

61. The facts and circumstances cited above are in violations of Plaintiff's First Amendment right under the Equal Protection Clause to be free from retaliation and harassment in her employment with CITY OF NEW YORK.

62. Defendants failed to properly investigate and address the allegations made by the Plaintiff of gender discrimination, perception of disability and harassment by the defendants LEWIS and SUSSLACK and retaliation and harassment against the Plaintiff for her speaking out against the Defendants regarding their unlawful conduct.

63. By these actions, Defendants have jointly and separately deprived the Plaintiff of her rights under the Fourteen Amendment to the United States Constitution in violation of 42 U.S.C. §1983 and New York State Executive Law § 296.

64. The actions of the Defendants in depriving Plaintiff of her constitutional and civil rights were willful and malicious acts.

65. As a direct and proximate consequence of Defendants' unlawful, discriminatory and harassing conduct, Plaintiff has suffered loss of benefits and privileges of her employment with the NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM" damaged professionally and economically, suffered humiliation as well as physical and emotional pain and suffering.

66. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK'S conduct, Plaintiff sustained damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1988 AGAINST ALL DEFENDANTS

67. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" with the same force and effect as if fully set forth herein.

68. The aforementioned conduct on the part of the Defendants, was without cause or justification, and violated Plaintiff REVETT-LISOSKI's civil rights, privileges and immunities as guaranteed by 42 U.S.C § 1983, in that such actions were taken by Defendants solely on account of the Plaintiff's gender, and as such Plaintiff is entitled to attorneys fee as guaranteed by 42 U.S.C. § 1988.

69. The actions of Defendants, in depriving Plaintiff of her Constitutional and Civil Rights, as hereinbefore stated, was a willful and malicious act.

70. Plaintiff alleges that because of defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT "HELP PROGRAM", LEWIS AND SUSSLACK'S conduct, Plaintiff sustained damages.

## JURY TRIAL

71. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these Defendants jointly and severally, in an amount to be determined at trial, plus any available statutory remedies, both legal and equitable, and interests and costs.

Dated: October 15, 2012
Lake Success, New York

Yours, etc.,

**CRONIN & BYCZEK, LLP**
*Attorneys for Plaintiff*

BY: _____
LINDA M. CRONIN
1983 Marcus Avenue, Suite C-120
Lake Success, New York 11042
(516) 358-1700